UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BRIAN P. ALTMAN,

                           Plaintiff,

       - against -

NASSAU COUNTY DISTRICT
ATTORNEY'S OFFICE, et al.,

                           Defendants.
------------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-987 (PKC) (ARL)

PAMELA K. CHEN, United States District Judge:

On February 18, 2022, *pro se* Plaintiff Brian P. Altman, currently detained at Nassau County Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983 related to his pending state court prosecution. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. For the following reasons, the Complaint is dismissed and Plaintiff is granted thirty (30) days to file an amended complaint.

## BACKGROUND

Plaintiff alleges that he was arrested on December 6, 2021 in Levittown, New York and arraigned the next day. (Complaint, Dkt. 1, at ECF[1] 4.) He asserts that he should have been released because his "grand jury action/felony exam" was delayed multiple times, he remained detained on excessive bail, and he "has never been heard or produced to court." (*Id.* at ECF 4–6.) Plaintiff "seeks compensation for being held in [extended] confinement" and "compensation for what this incident has done to his mental/emotional conditions."[2] (*Id.* at ECF 6.)

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[2] Plaintiff has sought injunctive relief in state court. (Complaint, Dkt. 1, at ECF 5.)

1

**LEGAL STANDARD**

The Prison Litigation Reform Act ("PLRA") requires courts to screen civil complaints brought by incarcerated persons against governmental entities, officers, or employees. 28 U.S.C. § 1915A(b). The PLRA requires a court to dismiss a plaintiff's complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.* The *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), requires courts to dismiss for the same reasons. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007) (applying both Secions 1915A and 1915(e)(2) where the plaintiff proceeded *in forma pauperis*). A reviewing court must "accept all 'well-pleaded factual allegations' in the complaint as true." *Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

**DISCUSSION**

Section "1983 does not confer any substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Vill. of Freeport v. Barrella*, 814 F.3d 594, 600 n.8 (2d Cir. 2016) (citation and quotations omitted). "To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (citations omitted).

**I.    Nassau County District Attorney's Office**

Defendant Nassau County District Attorney's Office ("NCDA") is immune from suit. The Eleventh Amendment to the United States Constitution provides that the "[j]udicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. Under the Eleventh Amendment, "States retain their immunity from suit regardless of the citizenship of the plaintiff." *PennEast Pipeline Co., LLC v. New Jersey*, 141 S. Ct. 2244, 2258

(2021). Thus, "'[a]lthough by its terms the Amendment applies only to suits against a State by citizens of another State,' the Supreme Court has 'extended the Amendment's applicability to suits by citizens against their own States,' as 'the ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court.'" *T.W. v. New York State Bd. of L. Examiners*, 996 F.3d 87, 92 (2d Cir. 2021) (brackets omitted) (quoting *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001)).

Eleventh Amendment immunity extends to local governments and to a district attorney's office exercising its prosecutorial functions. *See, e.g.*, *Baskerville v. Richmond Cnty.*, No. 19-CV-2 (AMD), 2019 WL 2162595, at *2 (E.D.N.Y. May 16, 2019) (holding that the "plaintiff's claims against the Office of the Richmond County District Attorney concern[ed] its prosecution of the plaintiff" and thus that "the plaintiff's claims [were] barred by the Eleventh Amendment"); *White v. Vance*, No. 10-CV-6142 (NRB), 2011 WL 2565476, at *4 (S.D.N.Y. June 21, 2011) ("[B]ecause plaintiff asserts claims for monetary relief, any claims against the [New York County District Attorney's] Office are also barred by the Eleventh Amendment."). The Eleventh Amendment therefore bars Plaintiff's claim against the NCDA, which is related to its prosecution of Plaintiff and seeks money damages.

**II.  NCDA Attorney**

The other Defendant, an unnamed NCDA Assistant District Attorney, also is immune. "The doctrine of absolute immunity applies broadly to shield a prosecutor from liability for money damages (but not injunctive relief) in a § 1983 lawsuit, even when the result may be that a wronged plaintiff is left without an immediate remedy." *Anilao v. Spota*, 2022 WL 697663, at *4, ___ F.4th ___ (2d Cir. Mar. 9, 2022). "The immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function as an advocate." *Id.* (quotations and brackets

3

omitted). Plaintiff's claim against the NCDA Assistant District Attorney, which seeks monetary damages, therefore must be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b).

### III.     Leave to Amend

Given Plaintiff's *pro se* status, the Court will allow Plaintiff thirty (30) days to file an amended complaint. *See* Fed R. Civ. P. 15(a); *see, e.g.*, *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [*pro se*] complaint gives any indication that a valid claim might be stated."). If Plaintiff chooses to file an amended complaint, he must do so within thirty (30) days of this Order. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order. Plaintiff is advised that the amended complaint completely replaces the original complaint; therefore, all claims Plaintiff wishes to pursue must be in the amended complaint. Plaintiff is further advised that the amended complaint will be dismissed on the same immunity grounds as the current Complaint if it seeks monetary damages from the same defendants.

### CONCLUSION

The Complaint is dismissed, and Plaintiff is granted thirty (30) days to file an amended complaint. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 14, 2022
          Brooklyn, New York